# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69517-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ROBERT EUGENE DEAN, III, | ) | |
| | ) | |
| Appellant. | ) | FILED: September 22, 2014 |

SCHINDLER, J. — A jury convicted Robert Eugene Dean, III of assault in the

second degree. Dean appealed his conviction, arguing the jury instruction defining

"reckless" as "a wrongful act" rather than using the specific statutory language of

"substantial bodily harm" impermissibly relieved the State of its burden of proof.

Adhering to our decision in State v. Johnson, 172 Wn. App. 112, 297 P.3d 710 (2012),

we reversed. State v. Dean, 179 Wn. App. 1012, 2014 WL 295841. In State v.

Johnson, 180 Wn.2d 295, 307-08, 325 P.3d 135 (2014), the Washington Supreme

Court held that the instruction defining "reckless" need not include the specific statutory

language where the to-convict instruction properly set forth the elements of the crime,

and remanded this case for reconsideration. Consistent with Johnson, we affirm the

conviction.

Ibrahim Al-Sebah worked as a security guard at Safeway. Al-Sebah testified that on the evening of July 21, 2012, he saw an individual, later identified as Robert Eugene Dean, III, put a bottle of ketchup and a box of frozen chicken into his backpack. Al-Sebah confronted Dean and told him to either return the items or immediately pay for the ketchup and frozen chicken. Al-Sebah testified that as he was removing the items from the backpack, Dean cut him with a small knife on his face and wrist. Dr. Craig Nattkemper testified that the laceration to Al-Sebah's left ear required 15 sutures and the laceration on the right wrist required 4 stitches.

The State charged Dean with assault in the second degree. The State alleged Dean intentionally and recklessly inflicted substantial bodily harm and assaulted Al-Sebah with a deadly weapon.

The court instructed the jury on assault in the second degree and the lesser included offense of assault in the fourth degree. The to-convict instruction states:

> To convict the defendant of the crime of assault in the second degree, each of the following two elements of the crime must be proved beyond a reasonable doubt:
>
> (1)    That on or about July 21, 2012, the defendant:
>
>     (a)    intentionally assaulted Ibrahim Al-Sebah and thereby recklessly inflicted substantial bodily harm; or
>
>     (b)    assaulted Ibrahim Al-Sebah with a knife, and that such knife constituted a deadly weapon; and
>
> (2)    That this act occurred in the State of Washington.
>
> If you find from the evidence that element (2) and either of alternative elements (1)(a) or (1)(b) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. To return a verdict of guilty, the jury need not be unanimous as to which of alternatives (1)(a) or (1)(b) has been proved beyond a reasonable doubt, as long as each juror finds that either (1)(a) or (1)(b) has been proved beyond a reasonable doubt.
>
> On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to either element (1) or (2), then it will be your duty to return a verdict of not guilty.

The jury instruction defining "reckless" states:

> A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act or result may occur and this disregard is a gross deviation from conduct that a reasonable person would exercise in the same situation.
> When recklessness as to a particular fact or result is required to establish an element of a crime, the element is also established if a person acts intentionally or knowingly as to that fact or result.

The jury convicted Dean as charged of assault in the second degree.

Dean appealed, arguing the jury instruction defining "reckless" as "a wrongful act" rather than using the statutory definition of "substantial bodily harm" misstated the law and impermissibly relieved the State of its burden of proof.

In Johnson, 172 Wn. App. at 112, we addressed and lowered the State's burden of proof. In Johnson, the State charged the defendant with three counts of assault in the second degree. Johnson, 172 Wn. App. at 118. The to-convict instruction properly required the State to prove that the defendant " 'recklessly inflicted substantial bodily harm.' " Johnson, 172 Wn. App. at 129-30.[1] But the definitional instruction only required the State to prove that the defendant disregarded the risk of " 'a wrongful act.' " Johnson, 172 Wn. App. at 130.[2] We held that in defining "reckless," the court should have used the specific statutory language for assault in the second degree of "substantial bodily harm" rather than "wrongful act." Johnson, 172 Wn. App. at 132-33.

The Washington State Supreme Court reversed. Johnson, 180 Wn.2d at 307-08. The court held that the instruction defining "reckless" need not include the specific statutory language where the to-convict instruction properly set forth the elements of the crime. Johnson, 180 Wn.2d at 306. The court concluded that the instruction defining

---

[1] Emphasis in original.
[2] Emphasis in original.

3

"reckless" did not relieve the State of its burden of proof because the to-convict instruction properly laid out the essential elements of the crime of assault in the second degree. Johnson, 180 Wn.2d at 306. Because the " 'to convict' instruction[,] the primary 'yardstick' the jury uses to measure culpability," was accurate, "[t]aken in their entirety," the instructions were sufficient. Johnson, 180 Wn.2d at 306.

> It is not error to instruct the jury on the generic definition of "reckless" as long as the jury is also given a "to convict" instruction that lists every element of the crime the State needs to prove in order to convict the defendant, including the charge-specific language for "reckless."

Johnson, 180 Wn.2d at 298.

Because the to-convict instruction and instruction defining "reckless" in Johnson, 180 Wn.2d at 304-05, are nearly identical to those here, we affirm Dean's conviction.

In his "Statement of Additional Grounds for Review," Dean argues insufficient evidence supports the conviction of assault in the second degree because the police never recovered the weapon he used to assault Al-Sebah. In deciding whether sufficient evidence supports a conviction, we must view the evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A challenge to the sufficiency of the evidence admits the truth of the State's evidence. Salinas, 119 Wn.2d at 201. "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." Salinas, 119 Wn.2d at 201. We defer to the trier of fact on "issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence." State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004),

4

abrogated in part on other grounds by Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

Al-Sebah testified that Dean cut his wrist and ear with a knife. Al-Sebah's co-worker, Mike Fritschy, testified that he saw Dean reach into his pocket and pull out "a pointy object," and then strike the side of Al-Sebah's head. Dr. Nattkemper, the emergency room physician who treated Al-Sebah's injuries after the assault, testified that Al-Sebah had two lacerations, one on his right wrist and one on the left side of his face extending to his ear, both of which were consistent with a knife blade. Sufficient evidence supports the conclusion that Dean used a knife in the assault.

Affirm.

WE CONCUR: